**BRIAN T. DUNN, ESQ. (SBN 176502)**
Email: bdunn@cochranfirm.com
**MEGAN R. GYONGYOS, ESQ. (SBN 285476)**
Email: mgyongyos@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.S., a minor, individually and as Successor in Interest to SHALUN SMITH, deceased, by and through his Guardian Ad Litem, BRIANA HUDSON-GILPIN; and N.S., a minor, individually and as Successor in Interest to SHALUN SMITH, deceased, by and through her Guardian Ad Litem, MOSHAY WILSON,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO, a municipal entity, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | **CASE NO.: 5:18-cv-02566**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Deadly Force)**<br><br>2. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unconstitutional Policy, Practice, or Custom)**<br><br>3. **Violations of Civil Rights (42 U.S.C. § 1983) (Substantive Due Process)**<br><br>4. **Wrongful Death (Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43) (Based on Battery)**<br><br>5. **Wrongful Death (Cal. Government Code §§ 815.2(a), 820(a)) (Based on Negligence)**<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1.      Jurisdiction is vested in this court under 28 U.S.C. § 1343(a)(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1376(a).

2.      Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

## PARTIES

3.      Plaintiff C.S., a minor, is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles and State of California. Plaintiff C.S. is the surviving biological son of decedent SHALUN SMITH. Plaintiff C.S. brings this action by and through his mother and Guardian Ad Litem, BRIANA HUDSON-GILPIN.

4.      Plaintiff C.S. is a Successor in Interest to decedent SHALUN SMITH, and is entitled to bring certain causes of action herein alleged pursuant to § 377.30 of the California Code of Civil procedure. (Attached herein is a declaration designating Plaintiff C.S. as a Successor in Interest to SHALUN SMITH, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure, and a true and correct copy of the death certificate for SHALUN SMITH, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure.)

5.      Plaintiff N.S., a minor, is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles and State of California. Plaintiff N.S. is the surviving biological daughter of decedent SHALUN SMITH. Plaintiff N.S. brings this action by and through her mother and Guardian Ad Litem, MOSHAY WILSON.

6.      Plaintiff N.S. is a Successor in Interest to decedent SHALUN SMITH, and is entitled to bring certain causes of action herein alleged pursuant to § 377.30 of the California Code of Civil procedure. (Attached herein is a declaration designating Plaintiff N.S. as a Successor in Interest to SHALUN SMITH, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure, and a true and correct copy of the death certificate for SHALUN SMITH, furnished herewith pursuant to

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

§ 377.32 of the California Code of Civil Procedure.)

7.     Defendant COUNTY OF SAN BERNARDINO (hereinafter "COUNTY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

8.     Plaintiffs are informed and believe, and thereon allege, that the heretofore unknown Defendant DOE Deputies are, and at all relevant times mentioned herein were, residents of the County of San Bernardino and State of California. Further, at all times relevant to the acts and omissions herein alleged, said Defendant DOE Deputies were sheriff's deputies employed by the Defendant COUNTY and San Bernardino County Sheriff's Department, and were acting under color of state law and in the course and scope of their employment with the Defendant COUNTY and the San Bernardino County Sheriff's Department.

9.     On or around June 8, 2018, a timely Claim for Damages was submitted to the County of San Bernardino in substantial compliance with California Government Code § 910, et. seq. As of the date of the filing of this Complaint, said Claim has been denied.

10.     Plaintiffs are unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to them. Plaintiffs are informed, believe, and thereon allege that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

Plaintiffs will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

11. Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

12. Plaintiffs are informed, believe, and thereon allege, that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL COUNTS

13. This Complaint concerns a fatal deputy-involved shooting incident which occurred during the evening hours of Wednesday, January 10, 2018, at or around the intersection of 48th Street East and East Avenue R-8 in the City of Palmdale, County of Los Angeles, and State of California. Plaintiffs are informed, believe, and thereupon allege that during the evening hours of January 10, 2018, several heretofore unknown Defendant DOE Deputies, while acting under color of state law and in the course and scope of their employment with the Defendant COUNTY and the San Bernardino County Sheriff's Department, initiated a pursuit of a motor vehicle that Plaintiffs' decedent, SHALUN SMITH, was an occupant of. The pursuit of the motor vehicle that SHALUN SMITH was an occupant of terminated at or around the intersection of 48th East Street and East Avenue R-8 in the City of Palmdale and County of Los Angeles.

14. Plaintiffs are informed, believe, and thereupon allege that at approximately 8:50 p.m. on January 10, 2018, following the termination of the pursuit of the motor vehicle that SHALUN SMITH was an occupant of, the Defendant DOE Deputies, while acting under the color of state law and in the course and scope of their employment with the Defendant COUNTY and the San Bernardino County Sheriff's Department, negligently assessed the circumstances presented to them, and then violently confronted SHALUN SMITH at or around the intersection of 48th Street East and East Avenue R-8

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone - (323) 282-5280 Facsimile

4

without having probable cause or reasonable suspicion to believe that SHALUN SMITH had committed a crime, or would commit a crime in the future.

15.     Without warning, the Defendant DOE Deputies proceeded to assault and batter SHALUN SMITH by acts which included, but were not limited to, repeatedly and unjustifiably discharging their department-issued firearms at the person of SHALUN SMITH, inflicting several gunshot wounds, which proved to be fatal. Following the shooting, the involved deputies denied medical care to SHALUN SMITH in a manner that demonstrated deliberate indifference to his constitutional rights. At no time during the course of these events did SHALUN SMITH pose any reasonable or credible threat of violence to the shooting deputies, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

16.     Both prior to and during the time in which he was fatally shot, SHALUN SMITH was not armed with any kind of weapon, and posed no reasonable or credible threat of violence to the Defendant DOE Deputies who shot him, nor to any other individual. Both prior to and during the time in which he was shot dead, SHALUN SMITH made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy that he was armed with any kind of weapon, or had the will, or the ability, to inflict substantial bodily harm against any individual. Both prior to and during the time in which the Defendant DOE Deputies shot and killed SHALUN SMITH, the Defendant DOE Deputies, who fired, were not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that SHALUN SMITH posed the risk of death or serious bodily injury to any person.

17.     After a significant and appreciable period of time had passed following the shooting, SHALUN SMITH died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant DOE Deputies.

///

///

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone, (323) 282-5280 Facsimile

## FOR THE FIRST CAUSE OF ACTION

**(By Plaintiffs C.S. and N.S., as Successors in Interest to SHALUN SMITH, Deceased, Against the Heretofore Unknown Defendant DOE Deputies for Violations of Civil Rights [42 U.S.C. §1983])**

**(Based on Unreasonable Use of Deadly Force)**

18.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

19.     This cause of action is brought on behalf of decedent SHALUN SMITH, by and through his Successors in Interest, Plaintiffs C.S. and N.S., who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to SHALUN SMITH by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

20.     Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, the Defendant COUNTY employed the heretofore unknown Defendant DOE Deputies. The Defendant COUNTY provided its individual employees and agents, including the Defendant DOE Deputies, with official badges and identification cards which designated and described the bearers as employees of the Defendant COUNTY and the San Bernardino County Sheriff's Department.

21.     At all times relevant to the acts and omissions herein alleged, the heretofore unknown Defendant DOE Deputies were employed by the Defendant COUNTY and the San Bernardino County Sheriff's Department, and were acting under color of state law and in the course and scope of their employment with the Defendant COUNTY and the San Bernardino County Sheriff's Department.

22.     During the evening hours of January 10, 2018, the heretofore unknown Defendant DOE Deputies, while acting under color of state law and in the course and scope of their employment with the Defendant COUNTY and the San Bernardino

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

County Sheriff's Department, initiated a pursuit of a motor vehicle that Plaintiffs' decedent, SHALUN SMITH, was an occupant of. The pursuit of the motor vehicle that SHALUN SMITH was an occupant of terminated at or around the intersection of 48th East Street and East Avenue R-8 in the City of Palmdale and County of Los Angeles.

23.     At approximately 8:50 p.m. on January 10, 2018, following the termination of the pursuit of the motor vehicle that SHALUN SMITH was an occupant of, the Defendant DOE Deputies, while acting under the color of state law and in the course and scope of their employment with the Defendant COUNTY and the San Bernardino County Sheriff's Department, violently confronted SHALUN SMITH at or around the intersection of 48th Street East and East Avenue R-8 without having probable cause or reasonable suspicion to believe that SHALUN SMITH had committed a crime, or would commit a crime in the future.

24.     Without warning, the Defendant DOE Deputies proceeded to assault and batter SHALUN SMITH by acts which included, but were not limited to, repeatedly and unjustifiably discharging their department-issued firearms at the person of SHALUN SMITH, inflicting several gunshot wounds, which proved to be fatal. Following the shooting, the involved deputies denied medical care to SHALUN SMITH in a manner that demonstrated deliberate indifference to his constitutional rights. After surviving for an appreciable period of time following the shooting, SHALUN SMITH died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant DOE Officers. At no time during the course of these events did SHALUN SMITH pose any reasonable or credible threat of violence to the shooting deputies, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

25.     Both prior to and during the time in which he was fatally shot, SHALUN SMITH was not armed with any kind of weapon, and posed no reasonable or credible threat of violence to the Defendant DOE Deputies who shot him, nor to any other individual. Both prior to and during the time in which he was shot dead, SHALUN

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

SMITH made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy that he was armed with any kind of weapon, or had the will, or the ability, to inflict substantial bodily harm against any individual. Both prior to and during the time in which the Defendant DOE Deputies shot and killed SHALUN SMITH, the Defendant DOE Deputies, who fired, were not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that SHALUN SMITH posed the risk of death or serious bodily injury to any person.

26.     At all times mentioned herein, the Defendant DOE Deputies acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the Defendant COUNTY. The Defendant DOE Deputies deprived SHALUN SMITH of the rights, privileges, and/or immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

27.     SHALUN SMITH had the right to be free from unreasonable governmental seizures of his person, a right which was secured to SHALUN SMITH by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of the Defendant DOE Deputies, which proximately caused the death of SHALUN SMITH.

28.     Plaintiffs are informed, believe, and thereupon allege that in unreasonably seizing the person of SHALUN SMITH, as described in the foregoing paragraphs of this complaint, the Defendant DOE Deputies acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive SHALUN SMITH of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against the

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

Defendant DOE Deputies in an amount to be proven at the trial of this matter.

29.    As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Deputies, SHALUN SMITH was shot and killed on January 10, 2018, and suffered great mental and physical pain, suffering, and anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and loss of enjoyment of life prior to his death, all to his damage in a sum to be determined at trial.

30.    Plaintiffs are entitled to and hereby demand costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE SECOND CAUSE OF ACTION

**(By Plaintiffs C.S. and N.S., as Successors in Interest to SHALUN SMITH, Deceased, Against Defendant COUNTY OF SAN BERNARDINO for Violations of Civil Rights [42 U.S.C. §1983])**

**(Based on Unconstitutional Policy, Practice, or Custom)**

31.    Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

32.    This cause of action is brought on behalf of decedent SHALUN SMITH, by and through his Successors in Interest, Plaintiffs C.S. and N.S., who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to SHALUN SMITH by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

33.    Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, the Defendant COUNTY employed the heretofore unknown Defendant DOE Deputies. The Defendant COUNTY provided its individual employees and agents, including the Defendant DOE Deputies, with official badges and identification cards which designated and described the bearers as employees of the

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

Defendant COUNTY and the San Bernardino County Sheriff's Department.

34.    At all times relevant to the acts and omissions herein alleged, the heretofore unknown Defendant DOE Deputies were employed by the Defendant COUNTY and the San Bernardino County Sheriff's Department, and were acting under color of state law and in the course and scope of their employment with the Defendant COUNTY and the San Bernardino County Sheriff's Department.

35.    As set forth in the foregoing paragraphs of this Complaint, the Defendant DOE Deputies, while acting under color of state law and in the course and scope of their employment with the Defendant COUNTY and the San Bernardino County Sheriff's Department, violated the Fourth Amendment rights of SHALUN SMITH by acts which included, but were not limited to, unreasonably using deadly and excessive force against SHALUN SMITH. As described in this Complaint, the shooting of SHALUN SMITH was an unconstitutional display of an unreasonable seizure, and of the deadly and excessive use of force, which violated the Fourth Amendment right of SHALUN SMITH to be free from unreasonable governmental seizures of his person.

36.    Plaintiffs are informed and believe, and thereupon allege, that the shooting of SHALUN SMITH, an unarmed man who posed no reasonable or credible threat of violence to the Defendant DOE Deputies or any other person, demonstrated that the Defendant DOE Deputies' training was inadequate to allow them to handle the usual and recurring situations faced by San Bernardino County Sheriff's Department deputies, as evidenced by the following specific actions and omissions of the Defendant DOE Deputies in their response to the subject incident:

   a. The tactical standard of care for law enforcement agencies similarly situated
      to the San Bernardino County Sheriff's Department is for law enforcement
      officers employed by such agencies to utilize additional officers,
      departmental personnel, and/or departmental resources to assist them when
      approaching and/or attempting to arrest and/or detain suspects and/or
      potential arrestees whom the officers believe may possibly pose a threat to

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

the safety of the officers or third parties. Both prior to and during the time in which the Defendant DOE Deputies shot and killed SHALUN SMITH, they acted in flagrant contravention of this well established standard of care.

b.  The tactical standard of care for law enforcement agencies similarly situated to the San Bernardino County Sheriff's Department is for law enforcement officers employed by such agencies, whenever possible, to issue commands and warnings that are clear and intelligible to suspects and/or potential arrestees prior to employing deadly force. Both prior to and during the time in which the Defendant DOE Deputies shot and killed SHALUN SMITH, they acted in flagrant contravention of this well established standard of care.

c.  The tactical standard of care for law enforcement agencies similarly situated to the San Bernardino County Sheriff's Department is for law enforcement officers employed by such agencies to use all available forms of cover and concealment when confronted with the possibility of using deadly force. Both prior to and during the time in which the Defendant DOE Deputies shot and killed SHALUN SMITH, they acted in flagrant contravention of this well established standard of care.

d.  The tactical standard of care for law enforcement agencies similarly situated to the San Bernardino County Sheriff's Department is for law enforcement officers employed by such agencies to keep a safe distance from suspects whom the officers believe may possibly pose a threat to their safety so as to obtain the tactical advantage of distance from a potential threat. Both prior to and during the time in which the Defendant DOE Deputies shot and killed SHALUN SMITH, they acted in flagrant contravention of this well established standard of care.

e.  The tactical standard of care for law enforcement agencies similarly situated to the San Bernardino County Sheriff's Department is for law enforcement officers employed by such agencies to use cover, concealment, distance,

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

additional departmental personnel, available illumination, and available communication to accurately assess the level of threat posed by a suspect and/or potential arrestee prior to using deadly force. Both prior to and during the time in which the Defendant DOE Deputies shot and killed SHALUN SMITH, they acted in flagrant contravention of this well established standard of care.

f.  The tactical standard of care for law enforcement agencies similarly situated to the San Bernardino County Sheriff's Department is for law enforcement officers employed by such agencies to fire in controlled bursts when using deadly force, and to stop and reassess their target, back drop, ad fields of fire when using deadly force, so as to avoid exposing persons and property to unnecessary fire. Both prior to and during the time in which the Defendant DOE Deputies shot and killed SHALUN SMITH, they acted in flagrant contravention of this well established standard of care.

37.   Plaintiffs are informed and believe, and thereupon allege, that prior to January 10, 2018, the Defendant DOE Deputies received training and instruction in police tactics and procedures from the San Bernardino County Sheriff's Department in ways which included, but were not limited to, their attendance at a police academy, their attendance at departmental briefings, their attendance at mandatory and voluntary training seminars, their attendance at roll call at their respective station(s) prior to their assigned shift(s), their receipt of departmental training manuals, their receipt of departmental training bulletins, and their receipt of additional departmental correspondence and electronic mails.

38.   Both prior to and on January 10, 2018, encounters with persons such as SHALUN SMITH were common among San Bernardino County Sheriff's Department deputies similarly situated to the Defendant DOE deputies, and such encounters were a recurring situation faced by San Bernardino County Sheriff's Department deputies similarly situated to the Defendant DOE Deputies.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

12

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone - (323) 282-5280 Facsimile

39.    Plaintiffs are informed and believe, and thereupon allege, that those individuals responsible for training the Defendant DOE Deputies, including, but not limited to, their respective field training deputies, watch commanders, shift commanders, training deputies, firearms instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher ranking deputies, and authorized policy makers and decision makers within the San Bernardino County Sheriff's Department, the identities of whom are presently unknown to Plaintiffs, knew, or in the exercise of reasonable diligence should have known, that the obvious consequences of the failure to implement, institute, enact, communicate, teach, and/or cause to be taught the above referenced tactical training to deputies similarly situated to the Defendant DOE Deputies would be that unarmed and non-dangerous persons, such as SHALUN SMITH, would suffer constitutional deprivations from the unreasonable and excessive use of deadly force.

40.    Plaintiffs are further informed and believe, and thereupon allege, that notwithstanding the fact that the training personnel responsible for training the Defendant DOE Deputies, including, but not limited to, their respective field training deputies, watch commanders, shift commanders, training deputies, firearms instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher ranking deputies, and authorized policy makers and decision makers within the San Bernardino County Sheriff's Department, the identities of whom are presently unknown to Plaintiffs, knew, or in the exercise of reasonable diligence should have known, that the obvious consequences of the failure to implement, institute, enact, communicate, teach, and/or cause to be taught the above referenced tactical training to deputies similarly situated to the Defendant DOE Deputies would be that unarmed and non-dangerous persons, such as SHALUN SMITH, would suffer constitutional deprivations from the unreasonable and excessive use of deadly force, said training personnel, and each of them, deliberately and consciously failed to provide adequate tactical training in the above enumerated areas.

41.     Plaintiffs are informed, believe, and thereupon allege that the failure of the San Bernardino County Sheriff's Department to provide adequate training to the Defendant DOE Deputies, as described in the foregoing paragraphs of this Complaint, caused SHALUN SMITH to suffer Fourth Amendment violations resulting from the unreasonable and excessive use of deadly force.

42.     As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Deputies, SHALUN SMITH was shot and killed on January 10, 2018, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and loss of enjoyment of life prior to his death, all to his damage in a sum to be determined at trial.

43.     Plaintiffs are entitled to and hereby demand costs, attorneys' fees, and expenses pursuant to 42 U.S.C. §1988.

## FOR THE THIRD CAUSE OF ACTION

**(By Plaintiffs C.S. and N.S. against the Heretofore Unknown Defendant DOE Deputies for Violations of Civil Rights [42 U.S.C. §1983])**

**(Substantive Due Process)**

44.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

45.     This cause of action is brought by Plaintiffs C.S. and N.S., and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiffs by the Fourteenth Amendment to the Constitution of the United States, including, but not limited to, Plaintiffs' right to substantive due process and privacy, Plaintiffs' right to associate with their father, decedent SHALUN SMITH, Plaintiffs' right to enjoy the care, companionship, familial relationship, and society of their father, SHALUN SMITH, and Plaintiffs' right to be free from arbitrary and unreasonable governmental intrusions into their family unit.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

46.   Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, the Defendant COUNTY employed the heretofore unknown Defendant DOE Deputies. The Defendant COUNTY provided its individual employees and agents, including the Defendant DOE Deputies, with official badges and identification cards which designated and described the bearers as employees of the Defendant COUNTY and the San Bernardino County Sheriff's Department.

47.   At all times relevant to the acts and omissions herein alleged, the heretofore unknown Defendant DOE Deputies were employed by the Defendant COUNTY and the San Bernardino County Sheriff's Department, and were acting under color of state law and in the course and scope of their employment with the Defendant COUNTY and the San Bernardino County Sheriff's Department.

48.   During the evening hours of January 10, 2018, the heretofore unknown Defendant DOE Deputies, while acting under color of state law and in the course and scope of their employment with the Defendant COUNTY and the San Bernardino County Sheriff's Department, initiated a pursuit of a motor vehicle that Plaintiffs' decedent, SHALUN SMITH, was an occupant of. The pursuit of the motor vehicle that SHALUN SMITH was an occupant of terminated at or around the intersection of 48th East Street and East Avenue R-8 in the City of Palmdale and County of Los Angeles.

49.   At approximately 8:50 p.m. on January 10, 2018, following the termination of the pursuit of the motor vehicle that SHALUN SMITH was an occupant of, the Defendant DOE Deputies, while acting under the color of state law and in the course and scope of their employment with the Defendant COUNTY and the San Bernardino County Sheriff's Department, violently confronted SHALUN SMITH at or around the intersection of 48th Street East and East Avenue R-8 without having probable cause or reasonable suspicion to believe that SHALUN SMITH had committed a crime, or would commit a crime in the future.

50.   Without warning, the Defendant DOE Deputies proceeded to assault and batter SHALUN SMITH by acts which included, but were not limited to, repeatedly and

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

15

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

unjustifiably discharging their department-issued firearms at the person of SHALUN SMITH, inflicting several gunshot wounds, which proved to be fatal. Following the shooting, the involved deputies denied medical care to SHALUN SMITH in a manner that demonstrated deliberate indifference to his constitutional rights. After surviving for an appreciable period of time following the shooting, SHALUN SMITH died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant DOE Deputies. At no time during the course of these events did SHALUN SMITH pose any reasonable or credible threat of violence to the shooting deputies, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

51.     Both prior to and during the time in which he was fatally shot, SHALUN SMITH was not armed with any kind of weapon, and posed no reasonable or credible threat of violence to the Defendant DOE Deputies who shot him, nor to any other individual. Both prior to and during the time in which he was shot dead, SHALUN SMITH made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy that he was armed with any kind of weapon, or had the will, or the ability, to inflict substantial bodily harm against any individual. Both prior to and during the time in which the Defendant DOE Deputies shot and killed SHALUN SMITH, the Defendant DOE Deputies, who fired, were not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that SHALUN SMITH posed the risk of death or serious bodily injury to any person.

52.     At all relevant times herein, the Defendant DOE Deputies were faced with circumstances that allowed time for actual deliberation, and acted with deliberate indifference to the constitutional rights of SHALUN SMITH and Plaintiffs and/or with a purpose to harm unrelated to any legitimate law enforcement objective and in a manner that shocks the conscience when they used deadly force against SHALUN SMITH.
///

53.     At all times mentioned herein, the Defendant DOE Deputies acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the Defendant COUNTY.

54.     The Defendant DOE Deputies deprived Plaintiffs of the rights, privileges, and/or immunities secured to them by the Fourteenth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, Plaintiffs' right to substantive due process and privacy, Plaintiffs' right to associate with their father, SHALUN SMITH, Plaintiffs' right to enjoy the care, companionship, familial relationship, and society of their father, SHALUN SMITH, and Plaintiffs' right to be free from arbitrary and unreasonable governmental intrusions into their family unit.

55.     Plaintiffs had a Fourteenth Amendment right to substantive due process and privacy, as well as a Fourteenth Amendment right to associate with their father, SHALUN SMITH, a Fourteenth Amendment right to enjoy the care, companionship, familial relationship, and society of their father, SHALUN SMITH, and a Fourteenth Amendment right to be free from arbitrary and unreasonable governmental intrusions into their family unit. All of these rights and privileges were secured to Plaintiffs by the provisions of the Fourteenth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of the Defendant DOE Deputies, which proximately caused the death of SHALUN SMITH.

56.     By causing the death of SHALUN SMITH, the actions of the Defendant DOE Deputies violated Plaintiffs' Fourteenth Amendment rights to substantive due process and privacy, as well as Plaintiffs' Fourteenth Amendment right to associate with their father, SHALUN SMITH, Plaintiffs' Fourteenth Amendment right to enjoy the care, companionship, familial relationship, and society of their father, SHALUN SMITH, and Plaintiffs' Fourteenth Amendment right to be free from arbitrary and unreasonable governmental intrusions into their family unit. The Defendant DOE

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

17

Deputies intruded upon the aforementioned Fourteenth Amendment rights of Plaintiffs with deliberate indifference and/or a purpose to harm unrelated to any legitimate law enforcement objective and in a manner that shocks the conscience when they used deadly force against SHALUN SMITH.

57.    Plaintiffs are informed, believe, and thereupon allege that in committing the acts and omissions described in this Complaint, the Defendant DOE Deputies acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiffs and Plaintiffs' decedent of their federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against the Defendant DOE Deputies in an amount to be proven at the trial of this matter.

58.    As a direct and proximate result of the wrongful acts and omissions of the Defendant DOE Deputies, SHALUN SMITH was shot and killed on January 10, 2018, and Plaintiffs were thereby deprived of their constitutional right to a familial relationship with SHALUN SMITH.

59.    As a further direct and proximate result of the wrongful acts and omissions of the Defendant DOE Deputies, and the ensuing death of SHALUN SMITH, Plaintiffs have suffered extreme and severe mental and emotional distress, anguish, and pain, and have sustained substantial economic and non-economic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, earnings, and financial support of SHALUN SMITH in an amount according to proof at trial.

60.    Plaintiffs are entitled to and hereby demand costs, attorneys' fees, and expenses pursuant to 42 U.S.C. §1988.

///

///

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

## FOR THE FOURTH CAUSE OF ACTION

### (By All Plaintiffs Against All Defendants for Wrongful Death [Cal. Government Code §§815.2(a), 820(a); Cal. Civil Code §43])

### (Based on Battery)

61.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

62.     All claims asserted herein against the Defendant COUNTY are presented pursuant to the Defendant COUNTY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(2) and 820(a).

63.     During the evening hours of January 10, 2018, the heretofore unknown Defendant DOE Deputies, while acting under color of state law and in the course and scope of their employment with the Defendant COUNTY and the San Bernardino County Sheriff's Department, initiated a pursuit of a motor vehicle that Plaintiffs' decedent, SHALUN SMITH, was an occupant of. The pursuit of the motor vehicle that SHALUN SMITH was an occupant of terminated at or around the intersection of 48th East Street and East Avenue R-8 in the City of Palmdale and County of Los Angeles.

64.     At approximately 8:50 p.m. on January 10, 2018, following the termination of the pursuit of the motor vehicle that SHALUN SMITH was an occupant of, the Defendant DOE Deputies, while acting under the color of state law and in the course and scope of their employment with the Defendant COUNTY and the San Bernardino County Sheriff's Department, violently confronted SHALUN SMITH at or around the intersection of 48th Street East and East Avenue R-8 without having probable cause or reasonable suspicion to believe that SHALUN SMITH had committed a crime, or would commit a crime in the future.

65.     Without warning, the Defendant DOE Deputies proceeded to assault and batter SHALUN SMITH by acts which included, but were not limited to, repeatedly and unjustifiably discharging their department-issued firearms at the person of SHALUN

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

SMITH, inflicting several gunshot wounds, which proved to be fatal. As a direct and proximate result of the above-mentioned conduct of the Defendant DOE Deputies, and each of them, SHALUN SMITH was shot on January 10, 2018. After surviving for an appreciable period of time following the shooting, SHALUN SMITH died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant DOE Deputies. At no time during the course of these events did SHALUN SMITH pose any reasonable or credible threat of violence to the shooting deputies, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

66.    Both prior to and during the time in which he was fatally shot, SHALUN SMITH was not armed with any kind of weapon, and posed no reasonable or credible threat of violence to the Defendant DOE Deputies who shot him, nor to any other individual. Both prior to and during the time in which he was shot dead, SHALUN SMITH made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy that he was armed with any kind of weapon, or had the will, or the ability, to inflict substantial bodily harm against any individual. Both prior to and during the time in which the Defendant DOE Deputies shot and killed SHALUN SMITH, the Defendant DOE Deputies, who fired, were not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that SHALUN SMITH posed the risk of death or serious bodily injury to any person.

67.    Plaintiffs are informed, believe, and thereupon allege that in shooting SHALUN SMITH, as described in the foregoing paragraphs of this Complaint, the Defendant DOE Deputies acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive SHALUN SMITH of his protected rights and privileges, and did in fact violate the aforementioned rights and

privileges, thereby warranting punitive and exemplary damages against the Defendant DOE Deputies in an amount to be proven at the trial of this matter.

68.    As a direct and proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of SHALUN SMITH, SHALUN SMITH's heirs, the Plaintiffs herein, have sustained substantial economic and non-economic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, earnings, and financial support of SHALUN SMITH in an amount according to proof at trial.

69.    As a further proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of SHALUN SMITH, Plaintiffs have incurred funeral and burial expenses in an amount according to proof at trial.

## FOR THE FIFTH CAUSE OF ACTION

**(By All Plaintiffs Against All Defendants for Wrongful Death [Cal. Government Code §§ 815.2(a), 820(a)])**

**(Based on Negligence)**

70.    Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

71.    All claims asserted herein against the Defendant COUNTY are presented pursuant to the Defendant COUNTY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

72.    During the evening hours of January 10, 2018, the heretofore unknown Defendant DOE Deputies, while acting under color of state law and in the course and scope of their employment with the Defendant COUNTY and the San Bernardino County Sheriff's Department, initiated a pursuit of a motor vehicle that Plaintiffs' decedent, SHALUN SMITH, was an occupant of. The pursuit of the motor vehicle that SHALUN SMITH was an occupant of terminated at or around the intersection of 48th

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

21

East Street and East Avenue R-8 in the City of Palmdale and County of Los Angeles.

73.     At approximately 8:50 p.m. on January 10, 2018, following the termination of the pursuit of the motor vehicle that SHALUN SMITH was an occupant of, the Defendant DOE Deputies, while acting under the color of state law and in the course and scope of their employment with the Defendant COUNTY and the San Bernardino County Sheriff's Department, negligently assessed the circumstances presented to them, and then violently confronted SHALUN SMITH at or around the intersection of 48th Street East and East Avenue R-8 without having probable cause or reasonable suspicion to believe that SHALUN SMITH had committed a crime, or would commit a crime in the future.

74.     Without warning, the Defendant DOE Deputies proceeded to negligently discharge their department-issued firearms at the person of SHALUN SMITH, inflicting several gunshot wounds, which proved to be fatal. After surviving for an appreciable period of time following the shooting, SHALUN SMITH died as a direct and proximate result of the gunshot wounds negligently inflicted upon his person by the Defendant DOE Deputies. At no time during the course of these events did SHALUN SMITH pose any reasonable or credible threat of violence to the shooting deputies, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

75.     Both prior to and during the time in which he was fatally shot, SHALUN SMITH was not armed with any kind of weapon, and posed no reasonable or credible threat of violence to the Defendant DOE Deputies who shot him, nor to any other individual. Both prior to and during the time in which he was shot dead, SHALUN SMITH made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy that he was armed with any kind of weapon, or had the will, or the ability, to inflict substantial bodily harm against any individual. Both prior to and during the time in which the Defendant DOE Deputies shot and killed SHALUN SMITH, the Defendant DOE Deputies, who fired,

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

were not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that SHALUN SMITH posed the risk of death or serious bodily injury to any person.

76.     Plaintiffs are informed and believe, and thereupon allege, that on and before January 10, 2018, the Defendant DOE Deputies had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the use of deadly force, and had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the execution of police tactics and police procedures in approaching and/or attempting to detain civilians and suspects who do not pose a risk of death or serious bodily harm to any person. Notwithstanding each of these duties, the Defendant DOE Deputies failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently failing to utilize additional departmental resources during the incident involving SHALUN SMITH, negligently failing to utilize available forms of cover and concealment during the incident involving SHALUN SMITH, negligently failing to maintain a position of tactical advantage during the incident involving SHALUN SMITH, negligently failing to communicate and/or effectively communicate with each other, with other departmental personnel and resources, and with SHALUN SMITH during the incident involving SHALUN SMITH, negligently failing to utilize less lethal force options and other alternatives less intrusive than deadly force during the incident involving SHALUN SMITH, negligently failing to deescalate the situation involving SHALUN SMITH, negligently employing a tactical response to the situation involving SHALUN SMITH that resulted in the unnecessary and preventable shooting of SHALUN SMITH, negligently failing to determine the fact that SHALUN SMITH posed no immediate threat of death or serious bodily injury to any person when he was shot and killed, negligently inflicting physical injury upon SHALUN SMITH, as described herein, and negligently employing deadly force against SHALUN SMITH when the same was unnecessary and unlawful. All of these negligent

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

acts proximately caused SHALUN SMITH's death on January 10, 2018.

77.    As a proximate result of the above-described conduct of the Defendants, and each of them, SHALUN SMITH was shot and killed on January 10, 2018.

78.    As a direct and proximate result of the death of SHALUN SMITH and the above-described conduct of the Defendants, and each of them, SHALUN SMITH's heirs, the Plaintiffs herein, have sustained substantial economic and non-economic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, earnings, and financial support of SHALUN SMITH in an amount according to proof at trial.

79.    As a further proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of SHALUN SMITH, Plaintiffs have incurred funeral and burial expenses in an amount according to proof at trial.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1.    For funeral and burial related expenses according to proof at trial;

2.    For general and special damages in an amount according to proof at trial;

3.    For costs of suit incurred herein;

4.    For attorneys' fees incurred herein, as provided by law;

5.    For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and

6.    For such other and further relief as the Court deems just and proper.

///

///

///

///

///

///

///

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

## **JURY DEMAND**

Plaintiffs hereby demand that a jury be impaneled for the trial of this matter.

DATED: December 7, 2018          Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**


By:  /s/ Brian T. Dunn
         BRIAN T. DUNN
         MEGAN R. GYONGYOS
         Attorneys for Plaintiffs C.S. and N.S.

**THE COCHRAN FIRM – CALIFORNIA**
4929 Wilshire Boulevard. Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

### COUNTY OF LOS ANGELES DEPARTMENT OF PUBLIC HEALTH

3052018016317 | CERTIFICATE OF DEATH | 3201819003456
STATE FILE NUMBER | USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS | LOCAL REGISTRATION NUMBER

**DECEDENT'S PERSONAL DATA**

1. NAME OF DECEDENT—FIRST (Given): **SHALUN**
2. MIDDLE: **DIQUE**
3. LAST (Family): **SMITH JR**

AKA, ALSO KNOWN AS — Include full AKA (FIRST, MIDDLE, LAST)

4. DATE OF BIRTH (mm/dd/ccyy): **03/30/1996**
5. AGE Yrs.: **21**
6. SEX: **M**

8. BIRTH STATE/FOREIGN COUNTRY: **CALIFORNIA**
10. SOCIAL SECURITY NUMBER:
11. EVER IN U.S. ARMED FORCES? YES / **X** NO
12. MARITAL STATUS/SRDP (at Time of Death): **NEVER MARRIED**
7. DATE OF DEATH (mm/dd/ccyy): **01/10/2018**
8. HOUR (24 Hours): **2100**

13. EDUCATION – Highest Level Degree: **HS GRADUATE**
14/15. WAS DECEDENT HISPANIC/LATINO(a)/SPANISH? YES / **X** NO
16. DECEDENT'S RACE: **BLACK**
19. YEARS IN OCCUPATION: **5**

17. USUAL OCCUPATION – Type of work for most of life. DO NOT USE RETIRED: **CAREGIVER**
18. KIND OF BUSINESS OR INDUSTRY: **HOME HEALTH**

**USUAL RESIDENCE**

20. DECEDENT'S RESIDENCE (Street and number, or location): **250 EAST AVENUE R  APT F-43**
21. CITY: **PALMDALE**
22. COUNTY/PROVINCE: **LOS ANGELES**
23. ZIP CODE: **93550**
24. YEARS IN COUNTY: **21**
25. STATE/FOREIGN COUNTRY: **CALIFORNIA**

**INFORMANT**

26. INFORMANT'S NAME, RELATIONSHIP: **LATOYA JONES, MOTHER**
27. INFORMANT'S MAILING ADDRESS (Street and number, or rural route number, city or town, state and zip): **250 EAST AVENUE R APT F-43, PALMDALE, CA 93550**

**SPOUSE/SRDP AND PARENT INFORMATION**

28. NAME OF SURVIVING SPOUSE/SRDP—FIRST | 29. MIDDLE | 30. LAST (BIRTH NAME)
31. NAME OF FATHER/PARENT—FIRST: **SHALUN** | 32. MIDDLE: **DIQUE** | 33. LAST: **SMITH** | 34. BIRTH STATE: **CALIFORNIA**
35. NAME OF MOTHER/PARENT—FIRST: **LATOYA** | 36. MIDDLE: **DENISE** | 37. LAST (BIRTH NAME): **JONES** | 38. BIRTH STATE: **CALIFORNIA**

**FUNERAL DIRECTOR / LOCAL REGISTRAR**

42. DISPOSITION DATE (mm/dd/ccyy): **01/25/2018**
43. PLACE OF FINAL DISPOSITION: **RESIDENCE OF LATOYA JONES, 250 EAST AVENUE R APT F-43, PALMDALE, CA 93550**
49. TYPE OF DISPOSITION(S): **CR/RES**
50. LICENSE NUMBER: **EMB8403**
44. NAME OF FUNERAL ESTABLISHMENT: **JOSHUA MORTUARY PALMDALE**
45. LICENSE NUMBER: **FD1228**
47. DATE mm/dd/ccyy: **01/25/2018**

**PLACE OF DEATH**

101. PLACE OF DEATH: **STREET**
102. IF HOSPITAL, SPECIFY ONE: IP / OP / ER/OP / DOA
103. IF OTHER THAN HOSPITAL, SPECIFY ONE: Hospice / Nursing Home / Decedent's Home / **X** Other
104. COUNTY: **LOS ANGELES**
105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number or location): **45TH STREET EAST AVENUE R-8**
106. CITY: **PALMDALE**

**CAUSE OF DEATH**

107. CAUSE OF DEATH

IMMEDIATE CAUSE (Final disease or condition resulting in death) (a) **MULTIPLE GUNSHOT WOUNDS**
108. DEATH REPORTED TO CORONER? **X** YES / NO
(Onset to Death): **RAPID**
114. CORONER'S CASE NUMBER: **2018-00356**
Sequentially list conditions, if any, leading to cause on line (a). Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST.
109. BIOPSY PERFORMED? YES / NO
110. AUTOPSY PERFORMED? **X** YES / NO
111. USED IN DETERMINING CAUSE? **X** YES / NO

112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107: **NONE**

113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (If yes, list type of operation and date.): **NO**
113A. IF FEMALE, PREGNANT IN LAST YEAR? YES / NO / UNK

**PHYSICIAN'S CERTIFICATION**

114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED.
115. SIGNATURE AND TITLE OF CORONER
116. LICENSE NUMBER
117. DATE mm/dd/ccyy
118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE

**CORONER'S USE ONLY**

119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED.
120. INJURED AT WORK? YES / **X** NO / UNK
121. INJURY DATE (mm/dd/ccyy): **01/09/2018**
122. HOUR (24 Hours): **2050**

MANNER OF DEATH: Natural / Accident / Suicide / **X** Homicide / Pending Investigation / Could not be determined

123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.): **STREET**

124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury): **SHOT BY OTHER PERSON(S)**

125. LOCATION OF INJURY (Street and number or location, and city, and zip): **48TH STREET EAST AVENUE R-8, PALMDALE, CA 93550**
127. DATE mm/dd/ccyy: **01/25/2018**
128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER: **EVONNE D REED, DEPUTY CORONER**

STATE REGISTRAR: A | B | C | D | E

*0100010003773254*

This is a true certified copy if the record filed in the County of Los Angeles Department of Public Health if it bears the Registrar's signature in purple ink.



*I 00012612*

DATE ISSUED

Director of Public Health and Registrar

**NOV 26 2018**

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.
PHMSO 103/6-10/12

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

**DECLARATION OF BRIANA HUDSON-GILPIN**

1.     The decedent's name who is the subject of this action for violations of civil rights and wrongful death is SHALUN SMITH.

2.     On January 10, 2018, SHALUN SMITH was killed in a deputy-involved shooting incident which occurred at or around the intersection of 48th Street East and East Avenue R-8 in the City of Palmdale, County of Los Angeles, and State of California

3.     No proceeding is now pending in California for the administration of the decedent's estate.

4.     I am the mother of a minor child of the decedent, who is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the within action, and am authorized to act on behalf of the decedent's successor in interest with respect to the decedent's interest in the within action.

5.     No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: November 29, 2018

BRIANA HUDSON-GILPIN, declarant

-1-

**DECLARATION OF MOSHAY WILSON**

1.    The decedent's name who is the subject of this action for violations of civil rights and wrongful death is SHALUN SMITH.

2.    On January 10, 2018, SHALUN SMITH was killed in a deputy-involved shooting incident which occurred at or around the intersection of 48th Street East and East Avenue R-8 in the City of Palmdale, County of Los Angeles, and State of California

3.    No proceeding is now pending in California for the administration of the decedent's estate.

4.    I am the mother of a minor child of the decedent, who is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the within action, and am authorized to act on behalf of the decedent's successor in interest with respect to the decedent's interest in the within action.

5.    No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


DATED: September 12, 2018

_____
MOSHAY WILSON, declarant

-1-